**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

RAGHID BAKER ARDAHJI

        Debtor

RANDALL HOLLIS & STEVEN EBERLINE
on behalf of themselves and all other similarly
situated employees

        Plaintiffs

        v.

RAGHID BAKER ARDAHJI

        Defendant

Case No.  14-30519

Adv. Proc. No. 14-3066

**MEMORANDUM ON MOTION TO DISMISS**

**APPEARANCES**:   DONATI LAW, PLLC
   William B. Ryan, Esq.
   Janelle C. Osowski, Esq.
   1545 Union Avenue
   Memphis, Tennessee 38104
GILBERT RUSSELL MCWHERTER, PLC
   Michael Russell, Esq.
   5409 Maryland Way
   Suite 150
   Brentwood, Tennessee  37027
   Attorneys for Plaintiffs

GENTRY, TIPTON & MCLEMORE, P.C.
   Maurice K. Guinn, Esq.
   Post Office Box 1990
   Knoxville, Tennessee 37901
   Attorneys for Defendant

**SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE**

By his Motion to Dismiss filed on December 12, 2014, Defendant asks the court to dismiss the Complaint Objecting to Dischargeability of Debts and Discharge of Debtor (Complaint) filed by Plaintiffs on November 14, 2014, arguing that the Complaint was filed beyond the deadline for filing complaints set forth in Rule 4007 of the Federal Rules of Bankruptcy Procedure. In their opposition brief, Plaintiffs argue that although the Complaint was filed beyond the deadline imposed by Rule 4007, the Motion to Dismiss should be denied under the doctrine of equitable tolling. [Doc. 14] Because the court finds that equitable tolling does not excuse Plaintiffs' failure to file an adversary complaint not only within the deadline period set by Rule 4007 but for more than five months beyond the deadline, the Motion to Dismiss shall be granted, and the Complaint will be dismissed.

In the Motion to Dismiss and their briefs supporting and opposing the Motion to Dismiss, the parties provide the following facts:

- On March 1, 2013, Plaintiffs filed *Randall Hollis & Steven Eberline, et al. v. Dump Cable, Inc. & Raghid Baker Ardahji*, Case No. 1:13-cv-1077-JDB-egb in the United States District Court for the Western District of Tennessee (the District Court Suit), alleging willful violations of the Fair Labor Standards Act on behalf of themselves and similarly situated employees of Dump Cable, Inc., a company owned and operated by Debtor. [Doc. 14, ¶ 1.]

- On February 24, 2014, Debtor filed his Chapter 7 bankruptcy case. The Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines (Notice of Chapter 7 Bankruptcy Case) dated February 25, 2014, which was generated by the Clerk's Office for the United States Bankruptcy Court for the Eastern District of Tennessee, includes a section entitled "Deadlines," which states that "[p]apers must be *received* by the

1

bankruptcy clerk's office by the following deadlines:  Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts:  6/2/14." [Doc. 12-1 (emphasis in original).]  This Notice was served via the court's BNC system on Plaintiffs in care of Donati Law Firm, LLP, their counsel of record in the District Court Suit. [Doc. 12-1.]

- Counsel for Plaintiffs and the district court defendants participated in a telephonic status conference in the District Court Suit on August 4, 2014, during which Judge Breen set the case for trial on November 12, 2014. [Doc. 14, ¶ 3.]

- On September 4, 2014, the district court defendants filed a motion to dismiss Debtor from the District Court Suit, arguing that because Plaintiffs failed to object to Debtor's discharge or challenge the dischargeability of debts by the June 2, 2014 deadline, Debtor received a discharge of all debts on August 14, 2014. [Doc. 14-1.]  An order was entered on October 23, 2014, holding the motion in abeyance. [Doc. 14-2.]

- On November 5, 2014, counsel for Plaintiffs and the district court defendants participated in another telephonic status conference with Judge Breen, at which time he stayed the trial against Dump Cable, Inc. pending resolution of an adversary proceeding that Plaintiffs intended to file against Debtor in this court. [Doc. 14-3.]

- On November 14, 2014, Plaintiffs filed the Complaint initiating this adversary proceeding.

Rule 4007, which supplements the provisions of 11 U.S.C. § 523 that govern determinations of dischargeability of debts, provides, in material part:

2

> (c) **Time for filing complaint under § 523(c) in a chapter 7 liquidation, chapter 11 reorganization, chapter 12 family farmer's debt adjustment case, or chapter 13 individual debt adjustment case; notice of time fixed**
>
> Except as otherwise provided . . . , a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007(c). There is no dispute that the Complaint was not filed by June 2, 2014, the deadline imposed by Rule 4007, as set forth in the Notice of Chapter 7 Bankruptcy Case served on Plaintiffs through their counsel on February 25, 2014. In the Sixth Circuit, however, the deadline imposed by Rule 4007(c) is "a statute of limitations–or simply a deadline –that is generally subject to the defenses of waiver, estoppel, and equitable tolling." *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337, 344 (6th Cir. 2003).

When faced with the doctrine of equitable tolling as a defense to a plaintiff's missing the Rule 4007(c) deadline, the *Maughan* court directed that the following factors be considered by courts: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Maughan*, 340 F.3d at 344 (quoting *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). Two years after the *Maughan* decision, the Supreme Court, in a case with unrelated facts and issues of law, held that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Wallace v. Kato*, 549 U.S. 384, 396 (2007) ("Equitable tolling is a rare remedy to be applied in

3

unusual circumstances, not a cure-all for an entirely common state of affairs."); *In re Smith*, No. 12-62119, 2013 WL 3788580, at *2, 2013 Bankr. LEXIS 2933, at *4 (Bankr. N.D. Ohio July 19, 2013) ("Application of the doctrine of equitable tolling must be considered in context with its purpose. The equitable tolling doctrine is intended to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that[] litigant's control." (citations and internal quotation marks omitted)).

Plaintiffs' argument fails because Plaintiffs were not diligent in preserving their rights, notwithstanding Plaintiffs' argument that Debtor would not be prejudiced if the court equitably tolled the June 2, 2014 deadline. Simply, there is no evidence that extraordinary circumstances stood in Plaintiffs' way to prevent them from timely filing an adversary complaint, and their failure to act diligently was not reasonable under the facts presented to this court. As previously stated, there is no dispute that Plaintiffs, through their counsel, were served with the Notice of Chapter 7 Bankruptcy Case served by the Clerk's office on February 25, 2014.[1] Nevertheless, as reflected by the facts Plaintiffs themselves provided in their brief [*see* Doc. 14], Plaintiffs took no action to raise any issue concerning dischargeability in the bankruptcy court or even in the district court until their counsel participated in a telephonic status conference in the District Court Suit on August 4, 2014, which was two months *beyond* the June 2, 2014 deadline for filing an adversary proceeding in the bankruptcy case. After that status conference, nothing more was done until after the district court defendants filed their motion in early September 2014 to dismiss Debtor from the District Court Suit based upon Plaintiffs' failure to file an adversary proceeding seeking a determination of dischargeability. Then, even assuming that Plaintiffs did not act because they were awaiting action by Judge Breen in the District Court Suit, after the

---

[1] In fact, the BNC Certificate of Service attached as part of Collective Exhibit 1 to the Motion to Dismiss reflects that Donati Law Firm received notice thirty-six times via first class mail. [Doc. 12-1]

4

telephonic status conference with the district court on November 5, 2014, it was still another nine days before they actually filed the Complaint to commence this adversary proceeding. This delay occurred despite the fact that Plaintiffs advised Judge Breen on October 8 that they intended to file an adversary proceeding. [Doc. 14-2, p. 2.] There was no explanation by Plaintiffs in their brief as to why they did not file a motion to extend the Rule 4007 deadline or why they did not otherwise act to preserve their rights to file an adversary proceeding in Debtor's bankruptcy case. Nor do Plaintiffs point to any "cause" as would have been required to extend the time to file under Rule 4007(c) in any motion that might have been timely filed before the deadline expired. *See* Fed. R. Bankr. P. 4007(c). Finally, although Plaintiffs state in their brief that "they promptly filed their adversary complaint on November 14, 2014," after the November 5, 2014 status conference, under the circumstances, the court does not find that waiting an additional nine days constitutes prompt action. The court echoes the following holding concerning a plaintiff's reasonableness in ignoring the notice requirement and deadlines associated therewith:

> The last consideration set forth in *In re Maughan* looks to a plaintiff's reasonableness in remaining ignorant of the notice requirement. It is here, that the Court finds, that the balance tips in favor of the Debtor. In her bankruptcy filing, the Debtor scheduled The Toledo Hospital, as well as three of its agents, going beyond that required by bankruptcy law for a debtor when listing their creditors. The Toledo Hospital was, thus, afforded notice beyond that received by other creditors who come before this Court. There is, thus, no reasonable basis for The Toledo Hospital to have remained ignorant of the Debtor's bankruptcy for so long a duration.
>
> To hold[] otherwise, and find the situation presented by The Toledo Hospital reasonable, would, in this Court's estimation, open the door to a wide range of other creditors who could likewise claim that they should be entitled to file an adversary proceeding outside the 60-day time limit of Bankruptcy Rule 4007(c). The Court is simply not willing to open the door that wide. This is particularly true considering that the Supreme Court of the United States has admonished that "[e]quitable tolling is a rare remedy to be applied in unusual

5

> circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396, 127 S. Ct. 1091, 1101, 166 L. Ed. 2d 973 (2007).
>
> Moreover, as was the situation in *In re Maughan*, equitable tolling is normally only appropriate where the plaintiff had been misled or where evidence had been fraudulently concealed. *See Diamonds v. Yashaya (In re Yashaya)*, 403 B.R. 278, 286 (Bankr. E.D.N.Y. 2009). Such a situation, however, is not present [here] . . . .

*In re Stough*, No. 11-35232, 2012 WL 2563848, at *9, 2012 Bankr. LEXIS 2998, at *26-28 (Bankr. N.D. Ohio June 29, 2012). Analogous to a previous holding of this court, the Sixth Circuit's holding in *Maughan* does not ***require*** the court to allow Plaintiffs' untimely Complaint; it merely allows Plaintiffs to assert an equitable defense to their untimely Complaint. *See Chattanooga Agric. Credit Ass'n v. Davis (In re Davis)*, 330 B.R. 606, 610 (Bankr. E.D. Tenn. 2005). The determination of whether or not facts support an asserted equitable defense still lies exclusively within the discretion of the court.

The court likewise rejects Plaintiffs' argument that "it is certainly within the equitable power of a bankruptcy court under 11 U.S.C. § 105 to permit a creditor to file a dischargeability complaint after the deadline has run." [Doc. 14 at p. 2.]

> Although section 105(a) grants the Bankruptcy Court equitable power, "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S. Ct. 963, 99 L. Ed. 2d 169 (1988); *see Copper v. Copper (In re Copper)*, 426 F.3d 810, 816 (6th Cir. 2005). "Bankruptcy courts 'cannot use equitable principles to disregard unambiguous statutory language' . . . . The equitable powers of section 105(a) may only be used in furtherance of the goals of the Code." *Childress v. Middleton Arms, L.P.*, 934 F.2d 723, 725 (6th Cir. 1991) (citing *In re C—L Cartage Co., Inc.*, 899 F.2d 1490, 1494 (6th Cir. 1990)). Herein, it is undisputed that the procedural requirements to file a complaint under Bankruptcy Rule 4007(c) to determine dischargeability were not met by the [p]laintiff. Absent facts supportive of equitable relief, this Court must enforce Bankruptcy Rule 4007(c).

*Zabivnik v. Hannen (In re Hannen)*, 383 B.R. 683, 688 (Bankr. N.D. Ohio 2008). Because Plaintiffs did not satisfy the court that it should apply the doctrine of equitable tolling, no other

6

avenue is available to Plaintiffs to overcome the Rule 4007 deadline or Defendant's Motion to Dismiss.  Thus, the Motion to Dismiss will be granted, and Plaintiffs' Complaint will be dismissed.  An Order consistent with this Memorandum shall be entered.

FILED:  April 2, 2015

> BY THE COURT
>
> *Suzanne H. Bauknight*
>
> SUZANNE H. BAUKNIGHT
> UNITED STATES BANKRUPTCY JUDGE